# Exhibit 2

# United States Senate
## WASHINGTON, DC 20510

January 18, 2024

Brian Savage
General Counsel
Teva Pharmaceuticals USA, Inc.,
400 Interpace Pkwy, Suite 3
Parsippany, NJ 07054
brian.savage@tevapharm.com

Dear Mr. Savage:

On November 7, 2023, the Federal Trade Commission (FTC) sent you and your subsidiary, Norton (Waterford) Limited, two warning letters that identified 42 patents covering four products that are improperly or inaccurately listed in the Orange Book. Two months later, those patents remain listed in the Orange Book. At least three warning letter recipients have taken steps to remove the patents the FTC concluded were improperly listed from the Orange Book, but Teva Pharmaceuticals and Norton (Waterford) Limited have not. I urge Teva and Norton to remove all patents identified by the FTC by the end of the month or provide me with a written explanation of why you believe each patent identified by the FTC is properly listed.

As you know, improperly listing a patent in the Orange Book can harm consumers, raise prices, and stifle competition by preventing cheaper generic drugs from entering the market for up to 30 months, and drives up the cost of entry by generic drug manufacturers by pushing them into expensive litigation before entering the market. Patients in the United States pay more for prescription drugs than those in any other developed nation. The reasons for this are many, but one reason is the continued abuse of patent rights to extend monopoly control over a drug.

I have fought to end these abuses of our patent system. For example, with Senator Chuck Grassley, I have passed the *Preserving Access to Affordable Generics and Biosimilars Act* and the *Stop STALLING Act* out of the Judiciary Committee to limit anticompetitive "pay-for-delay" deals that prevent or delay the introduction of affordable follow-on versions of branded pharmaceutical and deter pharmaceutical companies from filing sham petitions with the Food and Drug Administration in order to interfere with the approval of generic and biosimilar medicines. These practices—like the improper listing of patents in the Orange Book—serve only to deter generic competition, raise prices, and pad drug companies' bottom lines at the expense of consumers.

While your inventions that benefit consumers deserve strong patent protections, those patents should not be used to box out generic drug competition long after legitimate patent protections have expired. I call on you to remove all remaining patents identified in the FTC's November 7 letter as quickly as possible.

        Sincerely,

        Amy Klobuchar
        United States Senator


CC: Michael Brzica, Michael.Brzica@tevapharm.com