UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., et al., | Civil Action No. 23-20964 (SRC) (MAH) |
| Plaintiffs, | |
| v. | AMENDED PRETRIAL SCHEDULING ORDER |
| AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, et al. | |
| Defendants. | |

**THIS MATTER** having come before the Court by way of the parties' February 26, 2024 and March 8, 2024 submissions (D.E. 46, 55) and a status conference held on the record on February 27, 2024; and the Court having considered the submissions; and for good cause shown:

IT IS on this 11th day of March 2024,

**ORDERED THAT:**

Discovery on the antitrust counterclaims is stayed pending resolution of the Rule 12 motions.

## I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **February 26, 2024**.

## II. DISCOVERY

2. Fact discovery is to remain open through **December 13, 2024.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties shall serve initial written discovery requests by **April 5, 2024.** Pursuant to Fed. R. Civ. P. 33, the parties shall be limited to **twenty (20)** single question interrogatories. The parties will serve a maximum of **seventy-five (75)** requests for production of documents and things on each other. The parties agree that they shall be limited to **twenty-five (25)** requests for admission, exclusive of any such requests pertaining solely to the authentication of documents. The parties shall respond to the discovery requests within **thirty (30) days** of receipt.

   a. The parties shall be substantially complete with serving written discovery requests by **April 5, 2024.** Any additional written discovery requests after

April 5, 2024 shall be limited to (i) issues not reasonably foreseen or anticipated beforehand, including, but not limited to, issues that arose during or after contentions, claim construction proceedings, document productions, or depositions; and (ii) contention interrogatories (see L. Civ. R. 33.1(d)). The parties shall serve such additional written discovery requests no later than (i) ~~August 29, 2024~~ [July 31, 2024] for requests for production and (ii) ~~October 4, 2024~~ [August 30, 2024] for interrogatories and requests for admission. No written discovery requests shall be served beyond those dates, respectively, except upon application and for good cause shown.

    b.    The parties shall negotiate a protocol governing the production of electronically stored information ("ESI"), including search terms to collect ESI, by **May 24, 2024**.

4.    Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **December 13, 2024**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

    a.    The parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court except as described below:

        i.    The parties are limited to a total of seventy (70) hours of deposition testimony from fact witnesses, including deponents under Fed. R. Civ. P. 30(b)(6) and third parties via subpoena or otherwise.

        ii.    All fact depositions are limited to a maximum of seven (7) hours total unless extended by agreement of the parties or leave of Court.

        iii.    Should a deponent testify wholly or substantially through an interpreter (but excluding the use of check interpreters only), each 1.5 hours spent testifying through an interpreter shall count as 1 hour towards the examining party's overall limit for fact depositions.

        iv.    The parties further agree that absent agreement of the parties or by order of the Court upon a showing of good cause, each fact witness will be deposed only once.

        v.    The parties will confer on appropriate deviations from these provisions in the case of particular witnesses.

    b.    The parties will confer on the most efficient way to proceed with depositions of domestic and foreign witnesses or requests to obtain foreign documents. The parties will cooperate in good faith to schedule depositions

at mutually agreeable times and locations.

    c.    Absent agreement of the parties or by order of the Court upon a showing of good cause, the parties will exchange notices and objections for depositions pursuant to Fed. R. Civ. P. 30(b)(6) reasonably in advance of the first fact witness deposition requested by the party issuing the notice.

    5.    Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter structured in the following manner:

Each item in dispute will be presented in its own section. Each such section shall be structured as follows: (i) Part I will contain a neutral statement of the item in dispute; (ii) Part II will set forth the position of the party seeking the discovery, including (a) the specific discovery sought, (b) the basis or argument for that discovery, and (c) any compromises that party offered during the meet and confer – Part II shall not exceed three double-spaced pages; (c) Part III will set forth the position of the party opposing the discovery item, and will include any compromises that party offered during the meet and confer – Part III will not exceed three double-spaced pages. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

    <u>Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.</u>

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than ~~November 11, 2024~~ [handwritten: October 1, 2024]. **The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date.** If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

### III. DISCOVERY CONFIDENTIALITY ORDERS

    6.    Any proposed confidentiality order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

3

    a.  The parties shall submit a proposed Discovery Confidentiality Order on or before **March 6, 2024.** See L. Pat. R. 2.2.

### IV.  PATENT-RELATED TASKS

7.  On or before **February 28, 2024**, Plaintiffs shall serve disclosure of asserted claims pursuant to L. Pat. R. 3.6(b).

8.  On or before **March 22, 2024**, Defendants shall serve their invalidity contentions and accompanying documents pursuant to L. Pat. R. 3.6(c)-(d).

9.  On or before **March 22, 2024**, Defendants shall serve any non-infringement contentions, and accompanying documents, pursuant to L. Pat. R. 3.6(e)-(f).

10.  On or before **May 7, 2024**, Plaintiffs shall disclose its asserted claims and infringement contentions and accompanying documents pursuant to L. Pat. R. 3.6(g)-(h).

11.  On or before **May 7, 2024**, Plaintiffs shall serve responses to invalidity contentions and accompanying documents pursuant to L. Pat. R. 3.6(i).

12.  By **May 21, 2024,** the parties will exchange the proposed terms necessary for claim construction under L. Pat. R. 4.1(a).

13.  By **June 10, 2024,** the parties will exchange their preliminary claim constructions and identify any intrinsic and extrinsic evidence, pursuant to L. Pat. R. 4.2(a)-(b).

14.  By **June 24, 2024,** the parties will exchange identifications of all intrinsic and extrinsic evidence they intend to rely upon in opposing any proposed claim construction and thereafter meet and confer to narrow issues pursuant to L. Pat. R. 4.2(c)-(d).

15.  On or before **July 10, 2024**, the parties will file their Joint Claim Construction and Prehearing Statement pursuant to L. Pat. R. 4.3.

16.  By **August 2, 2024**, the parties will complete any fact discovery regarding claim construction, including depositions of non-expert witnesses identified in claim construction exchanges under L. Pat. R. 4.4.

17.  The parties shall file opening Markman briefs contemporaneously pursuant to L. Pat. R. 4.5(a) by **August 14, 2024**.

18.  By **August 29, 2024,** the parties will have substantially completed document production.

19.  All expert discovery regarding the opening Markman briefs pursuant to L. Pat. R. 4.5(b) shall be completed by **September 13, 2024.**

20.  The parties shall file responsive Markman briefs contemporaneously pursuant to L.

Pat. R. 4.5(c) by **September 27, 2024.**

21. Pursuant to L. Pat. R. 4.6, the parties will meet and confer on a proposed schedule for a Markman hearing, and shall submit the proposed schedule no later than **October 4, 2024.**

22. The claim construction hearing shall take place on **[TO BE DETERMINED]**.

23. By **January 29, 2025,** the parties shall exchange opening expert reports on issues for which that party bears the burden of proof.

24. The parties will exchange rebuttal reports by **March 14, 2025.**

25. The parties will exchange reply expert reports by **April 8, 2025.**

26. All expert reports must be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

27. All expert discovery, including depositions of experts, shall be completed by ~~June 11, 2025~~ **May 17, 2025.**

28. Last day to file dispositive motions **[TO BE DETERMINED]**.

V. **FUTURE CONFERENCES**

29. There shall be a telephone status conference before the Undersigned on **May 20, 2024 at 2:30 p.m.** Counsel shall dial **1-973-437-5535** and enter conference code **400328044#.**

30. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

31. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

32. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

33. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## VI.   MOTIONS

34.   Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **October 15, 2024.**

35.   <u>No motions are to be filed without prior written permission from this Court.</u>  All dispositive motions must first be subject to a dispositive motion pre-hearing.  Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

## VII.   FINAL PRETRIAL CONFERENCE

36.   A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) on **[TO BE DETERMINED]**.

37.   The Final Pretrial Order shall be submitted to the court by the parties **[TO BE DETERMINED]**.

38.   **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

_____
Hon. Michael A. Hammer
United States Magistrate Judge

6